CANNED
DATE: 2-16-05
BY: CMG

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

VI.                                    Criminal No. 04 10336 NMG 12

JUAN NUNEZ

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR EARLY DISCLOSURE OF DISCOVERY MATERIALS

The Local Rules for criminal cases in the District of Massachusetts cover discovery, motion practice, conferences and excludable delay.

Although old L.R. 116.1 provided for fairly extensive automatic discovery 14 days after arraignment, the Rule was not consistently followed. According to a report by the judicial members of the committee of judges, prosecutors, and defense lawyers that drafted the Rules, in general certain disclosures were promptly made, but important information was often provided too late for the defendant to make an informed decision whether to plead guilty or to develop a defense, and cases too often went to trial without legally required discovery having been provided. Report at 5-6, 8. (See Amy Baron-Evans - March/April 1999 Boston Bar Journal).

In the interests of fairness, efficiency, and effectiveness, the amended Rules provide more discovery earlier, minimize formal motion practice and facilitate the preservation and accessibility of evidence.

The defendant pursuant to L.R. 116.3(a) has requested early disclosure of Informants, *Jencks* material, *Brady/Giglio* material, Fed. R. Evid.807 (Residual Hearsay), Fed. R. Evid 404(b) (Bad Acts), Fed. R. Evid 608 (B) and Fed. R. Evid 609 Evidence

materials. (See Defendant's letter request hereto annexed as Ex. "A").

The government has indicated in its response (See Ex. "B" hereto annexed) that its position is that it will make the requisite disclosures as it is required within the time restraints as set out in L.R. 116.1(C) and 116.2(B)(1)&(2) in the time and manner as described and required by L.R. 117.1(A) (4), (5).

The government has also indicated that it is not required to disclose informant information except as to witnesses it will call and that Rule 609 does not require disclosure. See Ex. "B".

The presumptive timing for disclosure of exculpatory information is based on fairness and practicality. Defendants must receive exculpatory information early enough effectively to prepare and present a case. The timing is bifurcated, however, because the government ordinarily identifies certain information by the time of indictment, but may not recognize other kinds of information until seriously preparing for trial. Thus, in automatic discovery cases, the following is due within 28 days of arraignment or within 14 days of the government's receipt of a written statement that the defendant will not be waiving automatic discovery: information that would tend directly to negate guilt; information that would provide a basis for a motion to suppress; promises, rewards, and inducements; criminal records; pending cases (state or federal); and failed identification attempts. L.R. 116.2(B)(1). Additional impeachment evidence is due no more than 21 days before the trial date: information tending to cast doubt on the credibility or accuracy of the government's witnesses or evidence; inconsistent statements of a witness; statements by any person that are inconsistent with a witness's statement; bias or prejudice; prosecutable federal offenses; conduct that may be admissible under Fed. R. Evid. 608(b); and mental

or physical impairment. L.R. 116.2(B)(2). In non-automatic discovery cases, the defendant can seek exculpatory evidence at any time by request and, if necessary, by motion, and the trial judge will order any exculpatory evidence not yet disclosed to be provided no later than 21 days before trial. L.R. 117.1(A)(4)(a) See Fed. R. Crim. P. 16(b)(1)(A), (B); Charles A. Wright, 2 Federal Practice and Procedure § 256, at 107 (2d ed. 1982 & Supp. 1998).

A defendant participating in automatic discovery is deemed by the Rules to have requested the discovery authorized by Fed. R. Crim. P. 16(A)-(D). L.R. 116.1(B). While only prosecutable federal offenses are available under L.R. 116.2(B)(2)(e), *United States v. Owens*, 933 F. Supp. 76, 87 (D. Mass. 1996) requires promises, rewards, or inducements involving other sovereigns.

In all cases, whether proceeding under automatic discovery or not, exculpatory information regarding any rebuttal witness or evidence is due no later than the close of the defendant's case. L.R. 116.2(B)(3). A written summary of information tending to diminish the degree of the defendant's culpability or the defendant's offense level under the sentencing guidelines is due before any plea or before the defendant submits objections to the PSR, whichever first occurs. L.R. 116.2(B)(4). Information that reasonably fits into more than one category under L.R. 116.2 is to be produced on the earliest date. L.R. 116.2(B)(5).

However, the government's contemplated disclosure schedule provides the defendant with no meaningful relief because it will not provide sufficient opportunity for counsel to investigate the disclosed information.

It should be noted that while a prosecutor may have the luxury of concentrating on one case for two or three weeks prior to trial, defense counsel does not. State courts and even other Federal Judges in this District do not recognize a defense lawyers need to prepare a case in at least the month before a trial. Contrary to the lip service paid to the "need for preparation" defense lawyers up until the day (and sometimes even then) are required to appear in other courts and argue motions, conduct trials and engage in plea activities. How many times in open court has one heard a Judge state, "I don't care what trial you have coming up. You are here now and will try this case." For the government, well knowing this conundrum, to delay providing discovery until two or three weeks before trial is a direct violation of the defendant's right to a prepared and knowledgeable attorney.

Early disclosure of *Brady/Giglio* and *Jencks* should be a matter of routine practice by the government in order to insure that a defendant has an adequate opportunity to prepare his or her defense. See The American Bar Association Standards for Criminal Justice, § 11-2.2 (The Prosecution Function) (1980).

## TIMELY DISCLOSURE OF *JENKS* MATERIAL

In this case, there is no secret about the identity of the government's witnesses, and there are no safety considerations which would support a government request for late disclosure of *Jencks*. Rather, the only reason for late disclosure in this case is to provide the government with a strategic advantage, even beyond the advantage that it has gained by having a dry run of its case through the Grand Jury proceeding and having investigated this case for perhaps years.

*Jencks* Act material should be provided to the defense so as to furnish the

4

defendant with sufficient time to examine and utilize this material in a meaningful manner before and during trial. *United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983). What that means in terms of timing depends on the specific facts and circumstances of the case. It is clear, however, that the Court, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, has the authority to override the timing provisions set forth in the Local Rules and in Rule 26.2. See *United States v. Snell*, 899 F. Supp. 17, 24 (D. Mass. 1995). Indeed, Rule 26.2, unlike its predecessor the *Jencks* Act, contains no language explicitly precluding the disclosure of witness statements prior to trial.

The Rule also provides that the court may make an accommodation, upon request by accused's counsel, so that counsel is provided adequate time to make use of *Jencks* material. Fed. R. Crim. P. 26.2(d). That section states:

> Upon delivery of the statement to the moving party, the Court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial.

The prosecution should disclose *Jencks* material to defense counsel as soon as practicable following the defense request for disclosure because it will not only assist the defendant in achieving a fair trial but also serve the public interest in expediting the fair resolution of criminal cases. See ABA Standards for Criminal Justice, § 11-2.2; see, e.g., *United States v. Tarantino*, 846 F.2d 1384, 1415 n.12 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988); *United States v. Hinton*, 631 F.2d 769, 782 (D.C. Cir. 1980); *United States v. Poindexter*, 727 F.Supp. 1470, 1484-85 (D.D.C. 1989).

In *United States v. Hinton*, the District of Columbia Circuit recognized the potential impact of late *Jencks* disclosure upon the defendant's Sixth Amendment rights. *United States v. Hinton*, 631 F.2d 769, 782 (D.C. Cir. 1980). There, during a suppression hearing, defense counsel was provided with "voluminous *Jencks* material" in the form of FBI 302s. *Id.* at 781. The Circuit Court held that "in the rush and confusion" of the hearing, counsel failed to recognize "the critical importance of the 302's" and, as a result, the appellant was deprived of her constitutional right to the "informed, professional deliberation of counsel." *Id.* at 782.

Here, in order to accomplish even a rudimentary investigation so as to begin to be able to provide effective assistance to the defendant, the defense will require obtaining the *Jencks* material well before the jury is sworn. See *United States v. Holmes*, 722 F.2d 37, 41 (4th Cir. 1983) (Noting that providing materials one day before trial began did not "afford a reasonable opportunity to examine and digest" the documents.) Given that it appears this trial may take weeks, the recesses which will be required by defense counsel will substantially delay what promises to be an already protracted proceeding. In addition to the obvious adverse impact on the Court's calendar, such delays will unfairly prejudice the defendants' Fifth and Sixth Amendment rights because they and their counsel will be viewed by the jury as responsible for the delays and for the overall length of the trial.

The remedy is obvious. As the Fourth Circuit noted, it is not uncommon, particularly "in cases where there are many statements or where the bulk of witness statements is large," for the government to agree or for the Court to order early disclosure of Jencks material. *Holmes*, 722 F.2d at 40.

## TIMELY DISCLOSURE OF *BRADY/GIGLIO* MATERIAL

Unlike our request for early disclosure of *Jencks* material, (1) this request is merely for timely disclosure of *Brady/Giglio* material because such material is to be turned over "at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case...." See *United States v. Salemme*, 1997 WL 810057, p.7 (D. Mass. Dec. 29, 1997); *United States v. Snell*, 899 F. Supp. 17, 21 (D. Mass. 1995); *United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir.), *cert. denied*, 429 U.S. 924 (1976); see also *United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (Noting that *Brady* information which will require defense investigation or more extensive defense preparation should be disclosed at an early stage of the proceedings.) In *United States v. Agnello*, 393 U.S. 348, 356 (1969) the Court held that "It may be that in some situations, denial of production of a *Jencks* Act type of a statement might be a denial of a Sixth Amendment right". Furthermore, some Circuit courts have encouraged prosecutors to disclose *Jencks* Act material prior to trial, stating that such pretrial disclosure constitutes a salutary practice. *United States v. Campagnuolo*, 595 F.2d 852 (5th Cir., 1979).

The government's only possible basis for resisting both early disclosure of Jencks and timely disclosure of *Brady/Giglio* is to claim that such disclosure will pose a threat to the government's witnesses. Initially, any potential threat to witnesses is speculative at best and is far outweighed by the defendants' right to a fair trial. See *Pollack*, 534 F.2d at 974 (Noting that Courts should balance in each case "the potential dangers of early disclosure against the need that *Brady* purports to serve of avoiding wrongful convictions," and that "early disclosure should be required where the 'dangers' are speculative and where early

disclosure is necessary ...for a fair trial.") Here, neither the defendant nor defense counsel are aware of any potential risk posed by the disclosure of this information, other than the risk that the defense will have an opportunity to investigate these witnesses and conduct a more thorough cross-examination. There are no allegations of violence against the defendants. To the extent that any threat exists, the government should be required to demonstrate on a case by case basis the threat to a particular witness before the Court issues a blanket order with regard to every witness.

Accordingly, in order to afford the defendant a meaningful opportunity to contest the charges him by confronting his accusers with the effective assistance of counsel in a fashion which will not jeopardize his standing before the jury, the defendant requests that the government be ordered to disclose all *Brady/Giglio* and all *Jencks* material to defendant's counsel immediately.

DISCLOSURE OF Rule 608(b) MATERIAL

Rule 608(b) states that specific instances of the conduct of a witness, "for the purpose of attacking or supporting the witness' credibility . . . may not be proved by extrinsic evidence." Read literally, "the first sentence of (b) could bar extrinsic evidence for bias, competency and contradiction impeachment, since they too deal with credibility." American Bar Association Section on Litigation, Emerging Problems Under the Federal Rules of Evidence 161 (3d ed. 1998).

Yet Courts have held that the Rule 608(b) extrinsic evidence ban is not applicable unless the sole reason for the impeachment is to attack the witness's character for veracity. See e.g., *United States v. Winchenbach*, 197 F.3d 548 (1st Cir. 1999) [impeachment with

proof of prior inconsistent statement is governed by the balancing process of Rule 403 rather than the absolute exclusion of Rule 608(b)]; *United States v. Tarantino*, 846 F.2d 1384, 1409 (D.C. Cir. 1988) (admissibility of extrinsic evidence offered to contradict a witness is governed by Rules 402 and 403, not Rule 608(b)); *United States v. Lindemann,* 85 F.3d 1232 (7th Cir. 1996) [admissibility of extrinsic evidence of bias is governed by Rules 402 and 403, not Rule 608(b)].

The definitional section of L.R. 116.2 provides that "[e]xculpatory information includes, but may not be limited to, all information that is material and favorable to the accused because it tends to "cast doubt on guilt as to any essential element, cast doubt on the admissibility of evidence that might be subject to a motion to suppress or exclude, cast doubt on the credibility or accuracy of the government's evidence, or diminish the degree of culpability or the defendant's offense level under the sentencing guidelines." L.R. 116.2(A)(1)-(4). The Rule then sets out a schedule for the production of specified "exculpatory information." L.R. 116.2(B). The question arises whether a prosecutor can fail to disclose information falling into a category in section (B) of the Rule, on the ground that the information nonetheless is not material. L.R. 116.2 appears to presume that promises, rewards, inducements, criminal records, pending cases, failed identification attempts, inconsistent statements, bias or prejudice, prosecutable federal offenses, conduct under Fed. R. Evid. 608(b), and mental or physical impairment, L.R. 116.2(B)(1)(c)-(f), (2)(b)-(g), comprise a subset of information that is "material and favorable because it tends to . . . [c]ast doubt on the credibility or accuracy of any evidence the government anticipates offering in its case-in-chief." L.R. 116.2(A)(3). See *United States v. Walsh*, 75

F.3d 1, 8-9 (1st Cir. 1996); *United States v. Devin*, 918 F.2d 280, 289 (1st Cir. 1990).

Thus, it appears that the government must disclose information in any specific category of impeaching information listed in L.R. 116.2(B). Information that does not fall into those categories is a different matter. The remaining categories in section (B) are broadly defined, substantially coinciding with those in the general definitional section. (Compare L.R. 116.2(A)(1)-(4) with L.R. 116.2(B)(1)(a), (b), (2)(a), and (B)(4)). And, of course, exculpatory information "may not be limited" even to those broader categories. L.R. 116.2(A). A prosecutor, or a judge deciding a motion, apparently would have the obligation to decide whether information is material enough, for example, to cast doubt on the defendant's guilt or diminish the defendant's culpability.

The test as to materiality is whether the information is "material to the preparation of the defense" as under Fed. R. Crim. P. 16(a)(1)(C) and (D), and that any information favorable to the defendant or damaging to a government witness fits that description. Materiality under Fed. R. Crim. P. 16 "normally is not a heavy burden," and would include any information with "a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal," or that otherwise has "some indication that [it] would enable the defendant significantly to alter the quantum of proof in his favor." See *United States v. Lloyd*, 992 F.2d 348, 350-51 (D.C. Cir. 1993).

Judge Young, taking the view that materiality is broader in the pretrial context than on review of a conviction, described the distinction as follows:

> [T]he analytic framework established by *Brady, Bagley*, and *Kyles* speaks to the situation that arises post-trial when complaint is made that exculpatory

evidence has been withheld . . . and the Court can undertake the familiar task of reflecting on the trial record as a whole in an informed and prudential manner. *Kelliher and Owens*, in contrast, seek to give meaningful life to the *Brady-Bagley-Kyles* constitutional mandate through appropriate pre-trial discovery orders. At that point, given the very nature of the adversary process, neither the government nor the defense, much less the Court, can say with any real certainty what ultimately will prove material. In the pre-trial situation, therefore, materiality is largely in the eye of the beholder. *Kelliher* and *Owens* seek to make sure some eye other than the government's will bear on that determination.

*Daughtry v. Dennehy*, 946 F. Supp. 1053, 1057 n.2 (D. Mass. 1996). See also *Kyles v. Whitley*, 514 U.S. 419, 433-37 (1995); *United States v. Lloyd*, 992 F.2d 348, 350-51 (D.C. Cir. 1993).

In *Kyles v. Whitley*, 514 U.S. 419 (1995), the Supreme Court clarified the "materiality" analysis. The Court explained that a showing of materiality does not require the suppressed evidence in question establish the defendant's innocence by a preponderance of the evidence. Rather, the "question is not whether the defendant would more likely that not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id.* at 434; *United States v. Frost*, 125 F.3d 380 at 382-83 (6th Cir. 1997). Nor does the defendant need to "demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict." *Kyles*, 514 U.S. at 434-35; *United States v. Smith*, 77 F.3d 511, 515 (D.C. Cir. 1996) (materiality requirement is not a sufficiency-of-the-evidence test).

Instead, any favorable evidence, regardless of whether the defendant has made a request for such evidence, is "material" if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles*, 514 U.S. at 433-34 [quoting *United States v. Bagley*, 473 U.S. 667,

682 (1985)]; *Frost*, 125 F.3d at 382. A "reasonable probability" is "a probability

sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682; *United

States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988).

Moreover, in determining whether undisclosed evidence is material, the suppressed

evidence is considered collectively, rather than item-by-item, to determine if the

"reasonable probability" test is met. *Kyles*, 514 U.S. at 436; *Frost*, 125 F.3d at 383.

## DISCLOSURE OF INFORMANT STATUS

The defendant requested that the government disclose whether or not there are any

confidential informants whether or not the government intends to call them as witnesses.

(Ex. "A") The government declined to agree to provide such information (Ex. "B")

It appears to counsel that the government intends to offer statements of both indicted and

un-indicted co-conspirators in its case in chief. The statement will be offered pursuant to

the hearsay exception. In addition to the argument *infra*, if in fact unindicted co-

conspirators were government agents at the time of the alleged statements, then obviously

they would not fall within the "co-conspirator" exception. The defendant should not be

required to rely on the government's representations of the status of the individuals in

question. And must have time to challenge such statements *In Limine*.

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that due

process forbids a prosecutor from suppressing "evidence favorable to an accused upon

request where the evidence is material either to guilt or to punishment, irrespective of the

good faith or bad faith of the prosecution." *Id*. at 87. A criminal defendant is entitled to

any information the state has that is exculpatory or favorable to the defense. The

government's duty to disclose favorable evidence under Brady covers not only exculpatory evidence, but also information that could be used to impeach a government witness. *Giglio v. United States*, 92 S.Ct. 763, 766 (1972) and *United States v. Bagley*, 105 S.Ct. 3375, 3380-81 (1985). See *Giglio v. United States*, 405 U.S. 150, (1972); *United States v. McCrane*, 527 F.2d 906 (3d Cir. 1975).

The Supreme Court has also emphasized that impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *United States v. Bagley*, 87 L.Ed.2d 481, 490 (1985). Such evidence, if disclosed and used efectively, may make the difference between conviction and acquittal. See *Napue v. Illinois*, 360 U.S. 264 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.").

In acknowledging that the prosecution has a duty to disclose any favorable evidence that could be used at trial, it is frequently overlooked that the prosecution also has a duty to disclose any favorable evidence that could be used "in obtaining further evidence." *Giles v. Maryland*, 386 U.S. 66, 4 (1967). Additionally, favorable evidence need not be competent evidence or evidence admissible at trial. *United States v. Gleason*, 265 F. Supp. 850, 886 (S.D.N.Y. 1967); *Sellers v. Estelle*, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981)(evidence suppressed was material to the preparation of petitioner's defense, regardless whether it was intended to be admitted into evidence).

The Supreme Court has never precisely pinpointed the time at which the disclosure under *Brady* must be made. It is abundantly clear, however, that disclosure by the

government, must be made at such a time as to allow the defense to use favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion requires pre-trial disclosure. *United States v. Pollock*, 534 F.2d 964, 973 (D.C. 1976);*United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).

Manifestly a more lenient disclosure burden on the government would drain Brady of all its meaning. *United States v. Elmore*, 423 F.2d 775, 779 (5th Cir. 1970). The information requested in the defendant's motion concerning confidential informants is discoverable pursuant to Rule 16(a)(1)(C), as being material to the preparation of the defendant's defense.

The defense is informed and believes that at least one informant, may have been a participant in the alleged wrongdoing charged in the indictment. This informant, it is believed, may have a criminal record and/or background, and may have a history of violence and substance abuse. It is imperative for the defense to be prepared for trial to have information concerning the circumstances and nature of this informant's and any other informant's relationship with state or federal agencies and officials. If the government is not aware of the existence of the requested information, then it should be required to so respond so the defense can independently investigate and obtain the needed information. The government's response may also include information which will require the defense to travel to investigate and may require Rule 17 subpoenas from this or other courts for documents.

Failure of the government to provide such information will deny defendant the opportunity to adequately prepare for this case, which constitutes a denial of due process

and effective assistance of counsel.

WHEREFORE, the defendant respectfully requests this Court to order the government to produce immediately all materials requested by the defendant as set out in exhibit "A".

/s/Roger Witkin
ROGER WITKIN
6 Beacon Street, Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

DATED:  February 14, 2005

F33b

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                CRIMINAL NO. 04 10336 NMG

JUAN NUNEZ

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the within document was served upon the attorney of record for the United States, AUSA Denise Jefferson Casper, United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210, and a courtesy copy to Noreen Russo, Courtroom Clerk for Honorable Robert B. Collings, United States Magistrate Judge and to the attached service list by mail and electronic filing, which was e-filed this day.

/s/ Roger Witkin
Roger Witkin
6 Beacon Street, Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

**DATE:** February 14, 2005

F33a

UNITED STATES V. JUAN NUNEZ
CRIMINAL NO. 04 10336 NMG
SERVICE LIST

John F. Cicilline, Esq.
387 Atwells Avenue
Providence, Rhode Island 02909

John F. Palmer, Esq.
24 School Street, 8th floor
Boston, MA 02108

Carl N. Donaldson, Esq.
11 Beacon Street, Suite 600
Boston, MA 02108

Valerie S. Carter, Esq.
Carter & Doyle
Russia Wharf West
530 Atlantic Avenue, 3rd floor
Boston, MA 02210

Catherine K. Byrne, Esq.
Federal Defender Office
408 Atlantic Avenue, Suite 328
Boston, MA 02110

Lenore Glazer, Esq.
25 Kingston Street, 6th floor
Boston, MA 02111 2022

Anthony J. Scola, Esq.
47 Harvard Street
Worcester, MA 01608

Robert M. Goldstein, Esq.
114 State Street, 2nd floor
Boston, MA 02109

Victoria M. Bonilla-Argudo, Esq.
Bourbeau & Bonilla
77 Central Street, 2nd floor
Boston, MA 02109

John D. Hodges, Jr., Esq.
1360 Main Street
Tewksbury, MA 01876

# ROGER WITKIN

**ATTORNEY AT LAW**
**6 BEACON STREET**
BOSTON, MASSACHUSETTS 02108

TEL (617) 523-0027
FAX (617) 523-2024

January 18, 2005

AUSA Denise J. Casper
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

### RE:    UNITED STATES V. JUAN NUNEZ
### CRIMINAL NO. 04 10336 NMG

Dear Ms. Casper:

Pursuant to Local Rule 116.3 (A) the defendant respectfully requests discovery notice as to any informers in this case as follows:

1. All informer proffers leading to leniency agreements or agreements not to prosecute;
2. Any information revealing any variation in the proffered testimony;
3. Any information that reveals the nature of the negotiations that led to leniency agreements or agreements not to prosecute;
4. Any proffers made by informers' lawyers;
5. Any notes or documents created by the government reflecting defense proffers, testimonial variations, and the nature of the negotiation process leading to the informer's leniency. [*United States v. Sudikoff*, 36 F.Supp. 2d 1196 (C.D. Cal. 1999)]

Further, pursuant to Local Rule 116.3 (A) the defendant respectfully requests discovery notice in regard to notice of the Government's intention to use the Residual Hearsay Exception Under Federal Rule of Evidence 807. Namely the defendant seeks the Government to provide notice of its intent to offer any statement, not specifically covered by the hearsay exceptions set forth in Rules 803(1) through (23) and 804(b)(1) through (4) but having equivalent circumstantial guarantees of trustworthiness, and to provide notice of the particulars of this statement, including the name and address of the declarant.



AUSA Denise J. Casper

January 18, 2005

Page 2

   Additionally, the defendant pursuant to Local Rule 116.3 (A) requests the following:

J:  Federal Rule of Evidence 404(b):

  1.  The existence of any prior or subsequent bad acts, if any, [see United States v Tuesta - Toro, 29 F.3d 77l (lst Cir., l994) cert.denied 513 U.S. 1132, ll5 S.Ct. 947, l30 L.Ed.2 890 and  United States v. Trenkler, 6l F.3d 45 (lst Cir., l995)] or convictions of:

    a. defendant;
    b. any co-defendants, whether indicted or not;
    c. any co-conspirator, whether indicted or not.

  2.  A statement of whether the government intends to offer, under Fed. R. Evid. 404(b) as set forth above in 1 (a) through (c), evidence of any such prior or subsequent bad acts, if any, against the defendant, or any other co-defendants during the trial of this Indictment, together with a description of the method or means by which the government intends to introduce such evidence, including but not limited to:

    a.  providing the names and addresses of all witnesses which the government intends to call to offer such  evidence. United States v King, 121 F.R.D. 277,281 (E.D.N.C. 1988); United States v Baum, 482 F.2d 1325, 1332 (2d Cir. 1973); See also United States v Turkish, 458 F.Supp. 874 (S.D.N.Y. 1978), aff'd., 623 F.2d 769 (2d Cir. 1980); United States v Price, 448 F.Supp. 503, 505 (D. Colo. 1978); United States v Shoher, 555 F.Supp. 346, 354 (S.D.N.Y. 1983);

    b.  the dates, times, places, and persons involved in said "other crimes, wrongs or acts";

    c.  any statements of any participant in "other crimes, wrongs or acts";

    d.  the issue or issues on which the government relies in its contention that such "other crimes, wrongs or acts" evidence is relevant and admissible under Fed.R.Evid. 404(b). United States v Roybel, 566 F.2d 1109 (9th Cir. 1978); United States v Stofsky, 409 F.Supp. 609 (S.D.N.Y. 1973).

AUSA Denise J. Casper

January 18, 2005

Page 3

3.    Any documents, reports or statements of any such witness relating to, referencing, or regarding such bad acts or convictions, including when the documents were prepared, who prepared the document and who has possession of the documents. See, e.g., United States v Baum, 482 F.2d at 1332.

4.    If the government intends to seek the admission into evidence of "other crimes, wrongs, or acts" of defendant, defendant requests, pursuant to Fed. R. Evid. 404 (b), that the government provide in writing  no later than ten days prior to the start of the trial, see United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992) (ordering disclosure within 10 days prior to trial:

a.    the general nature of any such evidence, including the date, time,  place, and a brief description of the alleged crime, wrong, or act, see United States v. Baum, 482 F.2d 1325 (2d Cir. 1973); and

b.    the identity of the witness(es) it intends to present with respect to such "other crimes, wrongs, or acts." Id. at 1331-32.

Fed. R. Evid. 404 (b) is intended to reduce surprise and promote early resolution of the issue of admissibility. Because reasonable, pre-trial disclosure "serves as a condition precedent to admissibility of [Rule] 404 (b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met" either in the sufficiency of the advance notice or the particularity of the disclosure. See Fed. R. Evid. 404, Advisory Committee Notes, to 1991 Amendments.

II.    Federal Rule of Evidence 608(b):

1.    To provide evidence of any "specific instances of conduct" of the defendant as that phrase is used in Fed.R.Evid. 608(b).

2.    In regard to such notice, the government should identify and describe:

a.    the dates, times, places and persons  involved in "specific acts of conduct";

b.    the statements of each participant in any "specific acts of conduct"; and

c.    the documents which contain or evidence any "specific acts of conduct", including when the documents were prepared, who prepared the document and who has possession of the documents.

AUSA Denise J. Casper

January 18, 2005

Page 4

III.    Federal Rule of Evidence 609:
        To state whether or not you intend to offer any evidence of any prior criminal conviction of the accused, should he testify, pursuant to Fed.R.Evid. 609, and, if so, to state the particulars of the conviction if any.

Very truly yours,

ROGER WITKIN

/slw

c.c.    client
        Noreen Russo Courtroom Clerk for Honorable Robert B. Collings, U.S. Magistrate Judge

F83.5



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

February 1, 2005

**VIA TELECOPIER & REGULAR MAIL**
**Fax# 617-523-2024**

Roger Witkin, Esq.
6 Beacon Street
Suite 1010
Boston, MA 02108

   Re:  **United States v. Santiago et al.**
        **Criminal No. 04-10336-NMG**

Dear Counsel:

     This letter is in response to your discovery letter on behalf of your client, Juan Nunez, in the referenced matter.  I have addressed each of your requests below.

     *Request No. 1 (Regarding information regarding "informers").* The government objects to this request.  To the extent that this request seeks information about confidential informants whom the government does not intend to call as witnesses at trial, the government objects to this request.  To the extent that this request seeks information about cooperating witnesses that the government intends to call at trial, the government has already made the requisite disclosures about CW#1, CW#2 and CW#3 in its automatic discovery letter pursuant to Local Rules 116.1(C) and 116.2(B)(1) and will make the requisite disclosures under Local Rule 116.2(B)(2) and Fed. R. Crim. P. 26.2 (regarding *Jencks* material) in the time and manner provided in those rules and Local Rule 117.1(A)(4),(5).  To the extent that this request seeks evidence that is broader than the categories under these rules or earlier than these rules require, the government objects.

     *Request No. 2 (Regarding the government's intention to offer evidence under Residual Hearsay Exception under Fed. R. Evid. 807).* The government does not presently intend to offer any evidence at



trial under Fed. R. Evid. 807. The government, however, does not concede that the "advance" notice of such intention is required to be made at this time, particularly in light of the fact that no trial date has been set yet. The government proposes that if it forms any intention to offer any evidence under Fed. R. Evid. 807 that it give advance notice of same to counsel 21 days before trial along with the disclosures that it is required to make under Local Rule 117.1(A).

Request No. 3 (Regarding disclosure of intention to offer F. R. Evid. 404(b) evidence). The government objects to this request. Unless a defendant has declined to participate in automatic discovery, the government is required to disclose a general description of any crime, wrong, or act that it proposes to offer under Fed. R. Evid. 404(b) to the defendant twenty-one days before trial and will do so at that time. Local Rule 117.1(A)(4)(b). To the extent that this request seeks disclosure that is broader than the Local Rules requires or earlier than the Local Rules require, the government objects.

Request No. 4 (Regarding disclosure of intention to offer Fed. R. Evid. 608(b) evidence). The government objects to this request. This request is covered by automatic discovery under Local Rule 116.1(C) (including the incorporation of Local Rule 116.2) and, therefore, it is barred by Local Rule 116.3(D). The government notes that it is required to disclose a written description of any conduct that may be admissible under Fed. R. Evid. 608(b) known by the government to have been committed by a witness whom the government anticipates calling in its case-in-chief twenty-one days before trial and will do so at that time. Local Rule 116.2(B)(2)(f). To the extent that this request seeks disclosure that is broader than the Local Rules requires or earlier than the Local Rules require, the government objects.

Request No. 5 (Regarding prior convictions of Fed. R. Evid. 609). The government objects to this request as the government is not aware of any rule requiring it to give advance notice to the defendant of its plan to impeach his testimony with use of a prior conviction. The government notes that a copy of your client's criminal record was previously provided in automatic discovery (and by PTS in connection with the detention hearing). Your client should assume that the government may seek to impeach his testimony with any prior conviction that would be admissible under Fed. R. Evid. 609.

If you have any questions about this matter, please feel free to contact me at the telephone number below.

2

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:  Denise Jefferson Casper
     Assistant U.S. Attorney
     (617) 748-3120

cc: Ms. Noreen Russo,
    Chambers of The Honorable Robert B. Collings,
    U.S. Magistrate Judge

3

## Motions

1:04-cr-10336-NMG USA v. Santiago et al

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Witkin, Roger entered on 2/14/2005 at 2:49 PM EST and filed on 2/14/2005

**Case Name:**        USA v. Santiago et al
**Case Number:**      1:04-cr-10336
**Filer:**            Dft No. 12 - Juan Nunez
**Document Number:** 110

**Docket Text:**
MOTION to Compel *Early Disclosure And Production of Discovery Materials, Memorandum and Certificate of Service* as to Juan Nunez. (Witkin, Roger)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=2/14/2005] [FileNumber=855207-0] [4e41d7362aa3c671512df9f86c7cbd8e476fc2580119921f41f17e4552dd3b3cd6eb3 d54fb7f4a40dd3cba54104730376024009c54c124f68f6a3769fb87de419]]

**1:04-cr-10336-12 Notice will be electronically mailed to:**

Victoria M. Bonilla-Argudo    vicky@lawgenie.com

Catherine K. Byrne    catherine_byrne@fd.org

Valerie S. Carter    vcarter@carterdoyle.com, va.98@rcn.com

Denise J. Casper    denise.casper@usdoj.gov

Lenore Glaser    lglaser@glaser-law.com

John F. Palmer    jpalmer@socialaw.com

Roger Witkin    roger@rogerwitkin.com

**1:04-cr-10336-12 Notice will not be electronically mailed to:**

John F. Cicilline

387 Atwells Avenue
Providence, RI 02909

John F. Cicilline , Jr
387 Atwells Ave.
Providence, RI 02909

Carl N. Donaldson
11 Beacon St.
Suite 600
Boston, MA 02108

Robert M. Goldstein
114 State Street
Second Floor
Boston, MA 02109

John D. Hodges , Jr
1360 Main St.
Tewksbury, MA 01876

Anthony J. Scola
47 Harvard St.
Worcester, MA