UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 04-10336-NMG (12) |
| ) | |
| 12. JUAN NUNEZ ) | |
| ) | |

**OPPOSITION OF THE UNITED STATES TO**
**MOTION OF DEFENDANT JUAN NUNEZ TO COMPEL EARLY DISCOVERY**

Introduction

The United States, by and through the undersigned attorneys, opposes the motion of Defendant Juan Nunez ("Nunez") to compel informant about "confidential informants" and early disclosure and production of other discovery materials. In addition to information about confidential informants, the defendant now seeks early discovery and production of information regarding Jencks materials, Fed. R. Evid. 807 material (residual hearsay), Fed. R. Evid. 404(b), Fed. R. Evid. 608(B), and Fed. R. Evid. 609 materials. Despite the fact that disclosure (and timing of same) of these materials (with the exception of the request regarding confidential informants) is governed by the Local Rules of this Court, Nunez does not provide any compelling, case-specific reasons why the presumptive deadlines for disclosure under the Local Rules should be abandoned particularly when all parties in this matter-- Nunez, his 11 co-defendants and the government are participating in automatic discovery. The Local Rules provide an orderly framework and timing for discovery of the information requested in the defendant's motion and, as explained in more detail below, there is

no reason why the Court should abandon their application in this case.

A. **Automatic Discovery by the Government**

On December 9, 2004 (and in supplemental letters on December 17 and 22, 2004), the government provided the defendant with the automatic discovery required under Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts. See Copies of "Government's Discovery Letters" attached at Tab 1. These letters (and the incorporated and attached documents and recordings, Bates #1-1584) included information required to be produced under Local Rule 116.1(C) (including that information required to be produced under Fed. R. Crim. P. 16 and Local Rule 116.1(B)(1)). As shown in the Government's Discovery Letters, the government's discovery production was voluminous including but not limited to CDs of all of the wiretaps (including calls and line sheets), copies of consensual recordings, reports of the results of multiple searches, reports regarding laboratory reports of the drugs seized from the defendants. See Tab 1. It also included detailed information regarding exculpatory evidence under Local Rule 116.2 (B)(1). See Tab (December 9th letter at pp. 11-12). Although the government declined to identify its three cooperating witnesses ("CW") by name (and did so in a separate letter to the Court as required under Local Rule 116.6), it made the requisite disclosures under Local Rule 116.2(B)(1) about these anticipated

2

witnesses.

Although not required by Local Rule 116.1(C), the government also produced information about voice identification and numerous DEA reports (and reports from other agencies or local police departments) as "part of an early, voluntary production of documents that may be considered *Jencks*." Tab 1 (December 9th letter, p. 14 [referencing Bates #812 *et seq.*]). The government did not at that time purport to make a full and early disclosure of *Jencks* materials and does not do so now. The government, however, mentions this early disclosure to indicate, as Nunez has not in this motion, that the government has done more than the Local Rules require.

On or about December 24, 2004, Nunez sent a letter to undersigned counsel requesting that 1) the government identify the wiretap calls in which he was identified as a caller and 2) identify whether Nunez appeared in any of the videotapes that the government had produced in automatic discovery. The government promptly responded to this request to the apparent satisfaction of counsel of Nunez.

B. **Discovery Letter Request by Nunez**

On or about January 18, 2005, Nunez sent a discovery letter to undersigned counsel requesting early production of the information that he now seeks to have the government compelled to produce. A copy of the government's response to Nunez's discovery letter is

3

attached hereto at Tab 2.

C.  **THE DEFENDANT'S DISCOVERY MOTION**

As with Nunez's discovery letter, his discovery motion covers five categories of discovery: 1) information regarding "confidential informants"; 2) information regarding the government's intention to offer evidence regarding the residual hearsay exception under Fed. R. Crim. P. 807; 3) information regarding the government's intention to introduce Fed. R. Evid. 404(b) evidence at trial; 4) disclosure of information under Fed. R. Evid. 608(b); and 5) information regarding the government's intention to impeach Nunez at trial with use of a prior conviction. The government will address each request in turn.

1. Request for information about "confidential informants"

As discussed above and in the attachments at Tab 1, the government has made the requisite disclosures about "cooperating witnesses" (i.e., otherwise confidential sources whom the government intends to call as witnesses at trial), namely CW#1, CW#2 and CW#3, in its automatic discovery letter pursuant to Local Rules 116.1(C) and 116.2(B)(1) and will make the requisite disclosures under Local Rule 116.2(B)(2) and Fed. R. Crim. P. 26.2 in the time and manner provided in those rules and Local Rule 117.1(A)(4),(5). To the extent that Nunez now seeks information about "confidential informants" whom the government does not intend to call as witnesses at trial, the disclosures that Nunez now seeks

about such confidential informants are beyond the requirements of the Local Rules and are so for good reason. The disclosures required under Local Rule 116.2(B)(1)(c), (d), and (e) and later under Local Rule 116.2(B)(2)(b) through (g) concern only witnesses whom the government anticipates calling in its case-in-chief, not confidential informants. Nunez has not articulated any reason why the Court should deviate from the distinction drawn by the Local Rules in regard to this matter and, the government submits, that there is none. Nunez, as the Local Rules indicate, is entitled to this information for *impeachment* purposes at trial. There is no reason for the defendant to obtain such information for witnesses whom the government does not intend to call against him (or any co-defendant) at trial.[1]

2. **Information regarding the government's intention to offer evidence under Fed. R. Crim. P. 807**

As it stated in its discovery letter response, the government does not presently intend to offer any evidence at trial under Fed. R. Evid. 807, the residual hearsay exception rule. Although the government acknowledges that there is an advance notice provision

---

[1] To extent that Nunez is suggesting that the government anticipates calling at trial an "informant" who may have been a participant in the charged conduct in this case as an indicted or unindicted co-conspirator (Discovery Motion, p. 14), the government does not presently anticipate calling any such witnesses who may fall into this category, except CW#1, CW#2 and CW#3 as previously disclosed. The government is aware of its obligation to supplement discovery under Local Rule 116.7 and will do so if and when necessary.

5

of Rule 807, it does not agree that the "advance" notice of such intention is required to be made now, particularly in light of the fact that no trial date has been set yet in this case. The government had previously proposed to counsel that if it forms any intention to offer any evidence under Fed. R. Evid. 807 that it give advance notice of same to counsel 21 days before trial along with the disclosures that it is required to make under Local Rule 117.1(A) (or as soon thereafter as it becomes of aware of such evidence).

3. Disclosure of intention to offer F. R. Evid. 404(b) evidence and disclosure of intention to offer Fed. R. Evid. 608(b) evidence

The government is addressing these two requests together because they are both squarely covered by the Local Rules regarding automatic discovery. As to the request for Fed. R. Evid. 404(b) information, unless a defendant has declined to participate in automatic discovery, the government is required to disclose a general description of any crime, wrong, or act that it proposes to offer under Fed. R. Evid. 404(b) to the defendant twenty-one days before trial and will do so at that time. Local Rule 117.1(A)(4)(b); see also United States v. Tuesta-Toro, 29 F.3d 771, 775 (1st Cir.1994) (noting that the government's obligation, upon proper request, is to provide the defense with notice of its intent to introduce Rule 404(b) information at a reasonable time before trial). As to the request under Fed. R. Evid. 608(b), this request

6

is covered by automatic discovery under Local Rule 116.1(C) (including the incorporation of Local Rule 116.2) and, therefore, it is barred by Local Rule 116.3(D). The government notes that it is required to disclose a written description of any conduct that may be admissible under Fed. R. Evid. 608(b) known by the government to have been committed by a witness whom the government anticipates calling in its case-in-chief twenty-one days before trial and will do so at that time. Local Rule 116.2(B)(2)(f).

Notwithstanding the plain language of the provisions of the Local Rules cited above, the defendant requests, without any individual showing as to why its necessary *in this case*, that the government be required to produce the Rule 404(b) and Rule 608(b) information *now*. The timing requirements of these Local Rules are based on a common sense and practical understanding of how trials and trial preparation proceed. In order to produce the materials requested by the defendant, the government would essentially have to start preparing for trial *now*. It generally takes multiple days of work time (over several weeks because often times the government has to send out letters or subpoenas requesting information) to prepare the 21-day discovery letter that the government sends to defense counsel prior to trial.

It makes no sense for the government to undertake this arduous task at this stage in the case where the trial judge *has not even set a date for trial* and, as is often the case with a twelve-

defendant wiretap case, it is not clear which defendants will proceed to trial. The nature of the information that is required to be disclosed would mandate that, if required to undergo this task at this time, the government would have to repeat the effort 21 days before trial (i.e., things can change with a witness in between now and 21 days before trial and it would be incumbent upon the government to ensure that its disclosed information was still accurate). This would be immensely inefficient. It is precisely for this reason that the Local Rules require that this information be disclosed only once, 21 days before trial.

The defendant has not even attempted, much less shown, that his case merits special treatment under the Local Rules. The defendant has done nothing to show that, from a discovery perspective, his case is anything other than the types of case contemplated by the drafters of the Local Rules. Like the many cases that are presented to this Court each year (even multiple-defendant wiretap cases), this case can be fully and fairly addressed through the framework and orderly timing mechanisms contained in the Local Rules.

   4. Information Regarding Nunez's Prior Convictions of Fed. R. Evid. 609)

As required under the Local Rules, the government has previously provided counsel with Nunez's criminal record (although the government also notes that this information was also provided to

counsel by the Pretrial Services Office in connection with his detention hearing). The government, however, is unaware of any rule, and Nunez does not now cite any rule, requiring it to give advance notice, as Nunez now seeks, to the defendant of its plan to impeach his testimony (if he elects to testify at trial) with use of any prior conviction. As in its response to the discovery letter, the government has informed Nunez that he should assume that the government may seek to impeach his testimony with any prior conviction that would be otherwise admissible for that purpose under Fed. R. Evid. 609. Clearly the requirement under Fed. R. Crim. P. 16(a)(1)(D) as incorporated under Local Rule 116.1(C)(1)(a) contemplates that the disclosure of the defendant's criminal record will put counsel for the defendant on notice that the defendant may be impeached with this information if he elects to testify at trial so that counsel and the defendant can plan accordingly. Additional notice of the government's intention to impeach the defendant in this manner, accordingly, is unnecessary particularly where, as in this case, the government has told Nunez that it should assume that there is the possibility that the government may seek to impeach him in this manner and he has received a copy of his criminal record well in advance of any trial date having been scheduled in this matter.

5. Early Production of *Jencks* material

To the extent that Nunez's motion regarding information about

9

informants includes a motion for early production of *Jencks* materials, the government submits that this portion of the motion also be denied. As previously noted, the government has already made a voluntary and early production of a large volume of *Jencks* material in connection with automatic discovery. The government did not at that time purport to make a full and early disclosure of *Jencks* materials and does not do so now. The government, however, mentions this early disclosure to indicate, as Nunez has not in this motion, that the government has done more than the Local Rules require.

Under the Jencks Act, statements of government witnesses are not required to be produced *until after they have testified*. 18 U.S.C. § 3500, not now even before a trial date has even been set. Since, as Nunez argues, the timing of such production is often not workable, the Local Rules contemplate that the timing of such disclosures will be discussed at the initial pretrial conference. See Local Rule 117.1(A)(5). The defendant's request for the production of Jencks at this stage is simply untenable, particularly where, as here, the defendant gives no justification for why this case requires special treatment.

## Conclusion

10

For the foregoing reasons, the defendant's motion should be denied.

                                           Respectfully submitted,

                                           MICHAEL J. SULLIVAN
                                           United States Attorney

                              By:   /s/ Denise Jefferson Casper
                                           DENISE JEFFERSON CASPER
                                           Assistant U.S. Attorney

February 28, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Roger Witkin, Esq.
>6 Beacon Street
>Suite 1010
>Boston, MA 02108

This 28th day of February 2005.

/s/ Denise J. Casper
DENISE JEFFERSON CASPER
ASSISTANT UNITED STATES ATTORNEY