UNITED STATES **DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**UNITED STATES**

**V.**                              **CRIMINAL NO. 04 10336 NMG**

**JUAN NUNEZ**

# DEFENDANT'S REQUEST FOR INSTRUCTIONS TO THE JURY

### PRELIMINARY INSTRUCTION

**1. Duties of the Jury**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury, Instruction, 1998, §1.01.

2. Nature of Indictment; Presumption of Innocence

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by an assistant United States attorney, William Bloomer. The defendant, Juan Nunez, is represented by his lawyer, Roger Witkin. The defendant has been charged by the government with violation of a federal law. He is charged with conspiracy to distribute heroin. The charge against the

defendant is contained in the indictment.  The indictment is simply the description of the charge against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charge and denies committing the crime.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

The defendants are being tried together because the government has charged that they acted together in committing the crime of conspiracy to distribute heroin and distribution.  But you will have to give separate consideration to the case against each defendant.  Do not think of the defendants as a group.

First Circuit Pattern Jury, Instruction, 1998, §1.02

3.  Preliminary Statement of Elements of Crime

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] charged, each of which the government must prove beyond a reasonable doubt to make its case:

<u>First</u>, [_____];
<u>Second</u>, [_____];
<u>Third</u>, [_____];
etc.

You should understand, however, that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

First Circuit Pattern Jury, Instruction, 1998, §1.04.

4.  Evidence; Objections; Rulings; Bench Conferences

I have mentioned the word evidence.    Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

    (1)    Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

    (2)    Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

    (3)    Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

    (4)    Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose.  I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms direct evidence and circumstantial evidence.   Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence.  The law permits you to give

equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Jury, Instruction, 1998, §1.05.

5.  Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury, Instruction, 1998, §1.06.

6.  Conduct of the Jury

To insure fairness, you as jurors must obey the following rules:

>   First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

>   Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

>   Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

>   Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side   even if it is simply to pass the time of day an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

> <u>Fifth</u>, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;
>
> <u>Sixth</u>, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;
>
> <u>Seventh</u>, if you need to communicate with me simply give a signed note to the [court security officer] to give to me; and
>
> <u>Eighth</u>, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

First Circuit Pattern Jury, Instruction, 1998, §1.07.

7. Notetaking

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

First Circuit Pattern Jury, Instruction, 1998, §1.08.

8. Outline of the Trial
The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendants. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, each defendant's lawyer may make an opening statement and present evidence in the defendant's behalf, but he is not required to do so. I remind you that the defendants are presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt. The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret.

You will never have to explain your verdict to anyone.

First Circuit Pattern Jury, Instruction, 1998, §1.09.

9.  Stipulations

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury, Instruction, 1998, §2.01.

10.  Impeachment by Prior Inconsistent Statement

You have heard evidence that before testifying at this trial, [witness] made a statement concerning the same subject matter as his/her testimony in this trial. You may consider that earlier statement to help you decide how much of [witness's] testimony to believe. If you find that the prior statement was not consistent with [witness's] testimony at this trial, then you should decide whether that affects the believability of [witness's] testimony at this trial.

First Circuit Pattern Jury, Instruction, 1998, §2.02.

11. Weighing the Testimony of an Expert Witness

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury, Instruction, 1998, §2.06.

12. Definition of "Knowingly"

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

First Circuit Pattern Jury, Instruction, 1998, §2.13.


**FINAL INSTRUCTIONS**

13. Duty of the Jury to Find Facts and Follow Law

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be

influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return that is a matter entirely for you to decide.

First Circuit Pattern Jury, Instruction, 1998, §3.01.

14.  Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his/her guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant before you, Juan Nunez, has the benefit of that presumption throughout the trial, and you are not to convict him/her of a particular charge unless you are persuaded of his/her guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Juan Nunez is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to any defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  Defendants have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt of a particular crime, it is your duty to acquit him of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt of a particular crime, you should vote to convict him.

First Circuit Pattern Jury, Instruction, 1998, §3.02.

15.  Defendant's Constitutional Right Not to Testify

Each defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury, Instruction, 1998, §3.03.

16. What Is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

First Circuit Pattern Jury, Instruction, 1998, §3.04.

17. Kinds of Evidence: Direct and Circumstantial

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Jury, Instruction, 1998, §3.05.

18. Credibility of Witnesses

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has

9

offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Pattern Jury, Instruction, 1998, §3.06.

19.  Cautionary and Limiting Instructions as to Particular Kinds of Evidence

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

First Circuit Pattern Jury, Instruction, 1998, §3.07


20.  What Is Not Evidence

Certain things are not evidence.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)      Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)      Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5)     The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has had an indictment filed against him/her is not evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

First Circuit Pattern Jury, Instruction, 1998, §3.08.

21.  Conspiracy, 18 U.S.C. 371; 21 U.S.C. 846

Each defendant is accused of conspiring to commit a federal crime   specifically, the crime of conspiracy to distribute heroin.  It is against federal law to conspire with someone to commit this crime.

For you to find any defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute heroin; and

> Second, that each defendant willfully joined in that agreement;

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act willfully means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed that is to say, with bad purpose, either to disobey or disregard the law   not to act by ignorance, accident or mistake.  The government must prove two types of intent beyond a reasonable doubt before each defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying

crime be committed.  Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.  Intent may be inferred from the surrounding circumstances.

Proof that each defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions.  You need not find that each defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt  that he knew the essential features and general aims of the venture.  Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved.  The crime of conspiracy is complete upon the agreement to commit the
underlying crime.

First Circuit Pattern Jury, Instruction, 1998, §3.09.

## DELIBERATIONS & VERDICT

22.     Foreperson's Role; Unanimity

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

First Circuit Pattern Jury, Instruction, 1998, §6.01.

23. Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be   that is entirely for you to decide.
First Circuit Pattern Jury, Instruction, 1998, §6.02.

24. Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

First Circuit Pattern Jury, Instruction, 1998, §6.03.

25. Return of Verdict Form

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Pattern Jury, Instruction, 1998, §6.04.

26. Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone  including me  how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Pattern Jury, Instruction, 1998, §6.05.

## CHARGE TO A HUNG JURY

27.             Charge to a Hung Jury

I am going to instruct you to go back and resume your deliberations.  I will explain why and give you further instructions.

In trials absolute certainty can be neither expected nor attained.  You should consider that you are selected in the same manner and from the same source as any future jury would be selected.  There is no reason to suppose that this case would ever be submitted to 12 men and women more intelligent, more impartial or more competent to decide it than you, or that more or clearer evidence would be produced in the future.  Thus, it is your duty to decide the case, if you can conscientiously do so without violence to your individual judgment.

The verdict to which a juror agrees must, of course, be his or her own verdict, the result of his or her own convictions, and not a mere acquiescence in the conclusion of his or her fellow jurors.  Yet, in order to bring 12 minds to a unanimous result, you must examine the questions submitted to you with an open mind and with proper regard for, and deference to, the opinion of the other jurors.

In conferring together you ought to pay proper respect to each other's opinions and you ought to listen with a mind open to being convinced by each other's arguments.  Thus, where there is disagreement, jurors favoring acquittal should consider whether a doubt in their own mind is a reasonable one when it makes no impression upon the minds of the other equally honest and intelligent jurors who have heard the same evidence with the same degree of attention and with the same desire to arrive at the truth under the sanction of the same oath.

On the other hand, jurors favoring conviction ought seriously to ask themselves whether they should not distrust the weight or sufficiency of evidence which fails to dispel reasonable doubt in the minds of the other jurors.

Not only should jurors in the minority re-examine their positions, but jurors in the majority should do so also, to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the persons in disagreement with them.

Burden of proof is a legal tool for helping you decide.  The law imposes upon the prosecution a high burden of proof.  The prosecution has the burden to establish, with respect to each count, each essential element of the offense, and to establish that essential element beyond a reasonable doubt.  And if with respect to any element of any count you are left in reasonable doubt, the defendant is entitled to the benefit of such doubt and must be acquitted.

It is your duty to decide the case, if you can conscientiously do so without violence to your individual judgment.  It is also your duty to return a verdict on any counts as to which all of you agree, even if you cannot agree on all counts.  But if you cannot agree, it is your right to fail to agree.

I now instruct you to go back and resume your deliberations.

First Circuit Pattern Jury, Instruction, 1998, §6.06.

                                               */s/Roger Witkin*
                                              ROGER WITKIN
                                              6 Beacon Street, Suite 1010
                                              Boston, MA 02108
                                              Tel. 617 523 0027
                                              Fax 617 523 2024
                                              BBO No. 531780

DATED:   August 14, 2006

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                              CRIMINAL NO. 04 10336 NMG

JUAN NUNEZ

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the within document was served upon the attorney of record for the United States, AUSA William Bloomer, United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210 and to the attached service list by mail and electronic filing, which was e-filed this day.

                          */s/ Roger Witkin*
                          Roger Witkin
                          6 Beacon Street, Suite l0l0
                          Boston, MA 02l08
                          Tel. 6l7 523 0027
                          Fax 6l7 523 2024
                          BBO No. 53l780

DATE:  August 14, 2006