UNITED STATES **DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**UNITED STATES**

**V.**                              **CRIMINAL NO. 04 10336 NMG**

**JUAN NUNEZ**

**DEFENDANT'S QUESTIONS FOR THE COURT'S GENERAL
<u>VOIR DIRE OF THE JURY</u>**

The defendant requests, pursuant to Rule 24(2)(B) of the Federal Rules of

Criminal Procedure, that the court include the attached questions in its general

voir dire of the jurors in order that the defense may effectively exercise its

challenges for cause and its peremptory challenges.

<u>**INDEX**</u>

I.    PERSONAL BACKGROUND -- Questions 1-9

      (A) Family status

      (B) Residence

      (C) Occupation

      (D) Education

      (E) Military service

      (F) Familiarity with parties, authorities, witnesses

II.   PRIOR JURY SERVICE -- Questions 10-15

III.  EXPERIENCE WITH JUSTICE SYSTEM -- Questions 16-17

IV.   VICTIM OF CRIME -- Question 18

V.    CASE ON TRIAL -- Questions 19-20

VI.   LEGAL PRINCIPLES -- Questions 21-37

      1.  Each of you should state:

      (a) your name;

      (b) where you live;

      (c) how long you have lived at this address;

      (d) your marital status (whether married, single, widowed or divorced);

      (e) the number and ages of your children, if any;

      (f)(1) your occupation, its length, or previous employment;

      (f)(2) your spouse's occupation, its length, or previous employment;

      (g) the name of your present employer, if any;

(h) whether you have the authority to promote, hire or

fire people;

(i) how many people you supervise;

(j) how far you went in school;

(k) what degree(s) you acquired.

2.  Have you ever served in the United States military?  If so:

(a) what branch?

(b) when?

(c) rank?

(d) where?

3.  Do you, or do any members of your family or friends know

Judge  Gorton, the presiding judge in this case?

4.  Do you, or do any members of your family or friends know the

Assistant United States Attorney, William Bloomer, who will be prosecuting this

case?

5.  Do you know or recognize any other prospective jury panelist in

the courtroom this morning?  If so, what is the basis of the relationship?  Would

such relationship or acquaintance influence your judgment in this case?

6.  Do you have any relatives or friends who are connected with:

(a) law enforcement;

(b) a district attorney's office;

(c) the United States Attorney's Office;

(d) any law enforcement or other quasi-law

enforcement agency?

If you have any such relatives or friends connected with law enforcement, have you ever discussed the guilt or innocence of people charged with violating the law?

7.  Have you ever been a police officer or military police officer or worked in a security field either for the state or national government or for private industry?

8.  Do you or do any members of your family know any of the persons who are employed by the government who worked on this case and who will testify in court, and any other witnesses who will testify for the prosecution in this case?

9.  Have any of you ever sat as a juror in a civil case?  If so:

(a) when?

(b) where?

(c) how often?

10.  Have any of you ever sat as a juror in a criminal case? If so:

(a) when?

(b) where?

(c) how often?

(d) did you reach a verdict?

(e) what was the verdict?

11.  Have any of you ever served on a jury in a narcotics case?  If so:

    (a) when?

    (b) where?

    (c) what was the verdict?

12.  Is there anything about the nature of a narcotics charge that would make it difficult for you to be fair and impartial as a judge of the facts?

13.  Have you ever served on such a case in which there was an acquittal?  If so, did the judge comment on the verdict after it was brought in by the jury?  If so, what was said by the judge, and who was the judge involved?

14.  Have any of you ever served on a federal or state grand jury? If so:

    (a) when?

    (b) where?

    (c) how often?

15.  Have any of you, any members of your immediate family, or friends been a party in a civil action?  If so, please explain.

16.  Have any of you, any members of your family, or close personal friends ever testified in a civil or criminal trial or before a grand jury?  If so, please explain.

17.  Have any of you, any members of your immediate family, or friends known anyone who used or was addicted to drugs?  If so, please state:

    (a) who?

(b) what is their relationship to you?

(c) would that fact affect your judgment in this case?

18.  What feelings do you have about drugs, in particular, heroin? Would these feelings affect your judgment in this case?

19.  Do you agree with the fact that an indictment is merely a device for setting in motion the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not proof and that no unfavorable inference may be drawn against a person merely because he or he is charged with a crime?

20.  How do you feel about our basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt and to a moral certainty? Would you have any  difficulty applying this presumption?

21.  Do you realize that the burden of proof is greater for a criminal case than for a civil case?  The proof to establish the guilt of any person must be beyond a reasonable doubt.

22.  Do you understand that the burden of proof beyond a reasonable doubt rests with the prosecution?  Would you require the prosecution to prove each and every element of an offense to a moral certainty and beyond a reasonable doubt?

23.  If the prosecution failed in its burden of proof with that degree of moral certainty amounting to proof beyond a reasonable doubt, would you have any difficulty in finding a person not guilty?

24.   Do you realize that you must give the defendant the benefit of the presumption of innocence without any mental reservations whatsoever and that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt?

25.   Knowing now that the burden of proof is for the prosecution to establish, would you require the defendant at any time to satisfy you as to his innocence?

26.   Do you understand and accept the principle that a defendant in a criminal case is not required to explain his side of the case since the burden of proof does, in fact, rest with the prosecution?

27.   If the defendant chose to exercise his constitutional right not to testify, would you consider this to be any indication whatsoever of guilt?

28.   If, after you hear the evidence, you thought that the defendant was probably guilty--you weren't convinced and you thought the evidence showed he was probably guilty--would you nevertheless be able to return a verdict of not guilty in this case?

29.   Do you realize that you are the sole and exclusive judge of the facts and that you are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect your verdict?

30.   Would any of you change your verdict if a majority of the other jurors believed that a person was guilty and you were in the minority?

31.   Would the fact that you were in the minority influence your vote at all?

32.  Have any of you at this time formed any opinion about the guilt or innocence of the defendant that would require evidence to remove such opinion?

33.  Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case?  If there is, it is now your duty to disclose this.

34.  In deciding whether or not you are going to credit the testimony of a witness, would you consider the witness' conduct on the witness stand, the ability and opportunity to observe, any bias or prejudice, and the probability or improbability of the testimony?

35.  Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a  federal agent or prosecution witness merely because they are employees of, or are testifying on behalf of the government?  Would you give their testimony greater weight or credibility over that of the defendant or witnesses on his behalf?  <u>United States v. Baldwin</u>, 607 F.2d 1295 (9th Cir. 1979).

36.  Do we have your assurance that you will not allow your personal feelings about attorneys to affect your judgment about the innocence or guilt of the defendant.

_/s/Roger Witkin_

ROGER WITKIN
Counsel for the Defendant
6 Beacon Street, Suite l0l0
Boston, MA 02l08
(6l7) 523-0027(tel)
(6l7) 523-2024(fax)
BBO# 531780

Dated:  August 14, 2006

F128

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                    CRIMINAL NO. 04 10336 NMG

JUAN NUNEZ


CERTIFICATE OF SERVICE


     I hereby certify that on this day a true copy of the within document was

served upon the attorney of record for the United States, AUSA William Bloomer,

United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA

02210 and to the attached service list by mail and electronic filing, which was e-

filed this day.


                                     */s/ Roger Witkin*
                                   Roger Witkin
                                   6 Beacon Street, Suite l0l0
                                   Boston, MA 02l08
                                   Tel. 6l7 523 0027
                                   Fax 6l7 523 2024
                                   BBO No. 53l780

DATE:  August 14, 2006