UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. )
) Cr. No. 04-10336-NMG
JOSE SANTIAGO ET AL. )
)
Defendants )

**GOVERNMENT'S MOTION IN LIMINE REGARDING VOICE IDENTIFICATION**

The United States, by and through its undersigned attorney, hereby alerts this Court *in limine* to its intent to introduce the testimony of Task Force Agent (TFA) Marcos Chavez and circumstantial evidence to identify the voices, which were consensually-recorded and recorded pursuant to T-III court-ordered electronic intercepts during the course of the investigation, as the voices of the defendants.

**Introduction**

This case does not involve a cooperating witness who will identify the defendants' voices in T-III recordings based upon past familiarity and experience in interacting with the defendants. Rather, TFA Marcos Chaves will identify the voices of individual participants in recorded conversations from his familiarity with the voices (having monitored hundreds of calls during the wiretap investigation) and comparing that voice recognition with (1) each defendant's voice which he overheard and recognized during the booking process, and (2) in the case of

Juan Nunez, talking directly to him over the telephone immediately after his arrest in New York. The government will also buttress these voice identifications through circumstantial evidence, namely self-identification of the defendants by name or nickname over the telephone, subscriber and Pen register information, the seizures of various Target Telephones from certain defendants, and surveillance showing that the speaker(s) acted in accord with their stated predictive actions in the telephone conversations.

During the initial stages of the investigation of the defendants, TFA Chavez participated in five undercover purchases of heroin from Reynaldo Rivera which involved his “runners,” Zuleima Reyes and Santiago Arroyo. Prior to making these purchases, TFA Chavez made arrangements directly with Rivera and/or Reyes over the telephone to purchase the heroin. These conversations were recorded with TFA Chavez’s consent. Because TFA Chavez was a direct participant in those conversations, he can and will identify the voices on those one-party consent recordings from talking directly with these individuals over the telephone and later meeting with Reyes in person and attending the booking process for both individuals.

**Standard of Review for Identification**

Under Fed. R. Evid. 901(a) a judge simply must be satisfied as a precondition to admission in evidence that there exists,

"evidence sufficient to support a finding that the matter in question is what its proponent claims."

**Direct Identification:**

Fed. R. Evid. 901(b)(1) allows for identification through "testimony of witness with knowledge." Concerning statements made by defendant Zuleima Reyes ("Reyes"), Chavez is a witness with direct knowledge of her voice because he spoke to her on the telephone and then met with Reyes in person and concurrently heard her voice and saw her person. See United States v. DiMuro, 540 F.2d 503, 513 (1st Cir. 1976); United States v. Brown, 322 F. Supp.2d 101, 105 (D. Mass. 2004) (defendant objected to agents' voice identification because they were not trained in voice identification, court held "their prior familiarity with Brown's voice, gleaned from hours of listening to his telephone conversations and debriefing him in person is more than sufficient to establish the reliability of their recognition of his voice."); Commonwealth v. Perez, 411 Mass. 249, 262, 581 N.E.2d 1010 (1991).

**Direct Comparison:**

Fed. R. Evid. 901(b)(5) allows for:

> "Identification of a voice, whether heard firsthand or through mechanical or electric transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker."

TFA Chavez will identify Rivera as a party to the consentual

recordings based upon his telephonic communications with Rivera and his recognition of Rivera's voice during the booking process. See United States v. Saulter, 60 F.3d 270, 275-76 (7th Cir. 1995)(even though cooperating witness talked to the alleged speaker only twice during controlled purchases, that was a sufficient basis for identification of the voices and admission of the tape recordings)

As the Fifth Circuit has cogently noted, "Rule 901(b)(5) merely requires that the witness have some familiarity with the voice which he identifies. Once this minimal showing has been made, the jury determines the weight to accord the identification testimony." United States v. Cuesta, 597 F.2d 903, 915 (5th Cir. 1979).

Following the undercover purchases of heroin from Rivera involving Reyes and co-defendant Santiago Arroyo, five telephones and a pager associated with Julio Santiago, Rivera and their co-conspirators, were tapped pursuant to court orders. TFA Chavez, a veteran narcotics investigator who is fluent in Spanish, was responsible in large measure for monitoring the conversations intercepted during these wiretaps. TFA Chavez listened to hundreds, if not thousands, of intercepted conversations in which the defendants were parties. Numerous drug-related conversations between Santiago, Rivera and their associates were intercepted. In many instances, TFA Chavez listened as they

occurred and re-listened to them again. Through this process of listening to hours upon hours of recorded telephone conversations, TFA Chavez became intimately familiar with the defendants' voices.

At the conclusion of the investigation in October of 2004, the defendants were arrested and booked. Chavez heard the voices of each defendant booked concurrently with seeing them in person. At that time Chavez identified the voices of the defendants as the voices on the recordings. See United States v. DiMuro, 540 F.2d 503, 513 (1st Cir. 1976) (voice identification proper even though agent first heard the defendant's voice four years after tape recording was made). With respect to Nunez, who was arrested in New York, Lieutenant Hanson asked him to speak to TFA Chavez over the telephone during which time Nunez provided biographic information about himself. TFA Chavez identified Nunez's voice at that time as the same person intercepted over the telephone discussing the delivery of heroin to Santiago in New York. This direct comparison of the voice heard and recorded on the tapes with the live voice of Nunez over telephone is sufficient to meet the minimal threshold showing under Rule 901(b)(5) for voice identification. See DiMuro, supra.

It is of no consequence to admissibility whether Chavez listened to a certain tape before or after the times when he was first able to identify the person that went with the voice. See

United States v. DiMuro, 540 F.2d 503, 513 (1st Cir.1976). It is also not of consequence that Chavez was not a participant in the conversations recorded by the wiretap because Chavez is familiar with the voices. See, United States v. Saulter, 60 F.3d 270, 275-27 (7th Cir. 1995). Finally, the use of the statement's made during the booking or furnished upon request over the telephone for the purposes of voice identification by an agent does not constitute a violation of the defendants' Fourth Amendment rights, See United States v. DiMuro,540 F.2d 503, 513 (1st Cir. 1976) (citing United States v. Dionisio, 410 U.S. 1, 14 (1973)) ("The government is entitled to use subsequent non-testimonial utterances for purposes of a voice identification, since [the defendant] can have no reasonable expectation of privacy as to the sound of his voice.").

**Circumstantial Evidence:**

The government will further establish the identity of the defendants' voices in T-III recordings through circumstantial evidence. Cf. United States v. Ingraham, 832 F.2d 229, 236 (1st Cir. 1987) ("Like a wide array of other phenomena, telephone calls may be authenticated by **exclusively circumstantial evidence.**")(emphasis added).

Fed. R. Evid. 901(b)(6) specifically notes self-identification as a means of circumstantial evidence when identifying a voice in a telephone call. Therefore, in all calls

where the speaker (explicitly or implicitly) identifies him or herself by his or her first name, surname, or nickname that self-identification is circumstantial evidence for the purposes of authentication. E.g., Van Ripper v. United States, 13 F.2d 961, 968 (2d Cir. 1926).

Similarly, where surveillance agents place a defendant on a telephone at the precise time that a call is being intercepted over a Target Telephone, or where surveillance agents confirm a defendant arriving as predicted at a location or performing an activity discussed over intercepted telephone communications, that is strong circumstantial evidence that the voice of the person intercepted over the telephone is in fact the voice of the defendant seen using the telephone or engaging in the predictive behavior discussed over the phone. Cf. Ingraham at 236; see generally Fishman & McKenna, supra, at 24.23. Subscriber and Pen Register information, as well as the seizures of various Target Telephones from certain defendants, further buttress these voice identifications.

**Conclusion**

For all the reasons set forth above, the government will identify the voices in the recordings, which were consensually-recorded and recorded pursuant to T-III court-ordered electronic intercepts, and therefore will seek their admission in evidence at trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: */s/William F. Bloomer*
WILLIAM F. BLOOMER
Assistant U.S. Attorney
BBO#553104
william.bloomer@usdoj.gov
(617) 748-3644

**CERTIFICATE OF SERVICE**

I, William F. Bloomer, hereby certify that this document filed through the ECF system on September 15, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non registered participants this date via US Postal Service, postage prepaid.

/s/William F. Bloomer
WILLIAM F. BLOOMER

Date: 15 September 2006